UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICIA GESCHKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CV-0414-CVE-JFJ |
| | ) |
| WAL-MART STORES EAST, L.P., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This case arises from plaintiff being struck by an automatic sliding door in one of defendant's stores. Before the Court is defendant Wal-Mart Stores East, L.P.'s motion for summary judgment (Dkt. # 19) on plaintiff Patricia Geschke's claim against defendant for "negligently fail[ing] to maintain the entryway in a reasonably safe condition and/or fail[ing] to warn plaintiff of the hidden danger presented by the sliding door." Dkt. #2-2, at 1. In its motion, defendant argues plaintiff cannot satisfy the required elements of her negligence claim because she has not provided any evidence that Wal-Mart was negligent.

Plaintiff responds (Dkt. # 24) that defendant negligently failed to maintain the door, and that the doctrine of res ipsa loquitur relieves the plaintiff of her duty to make a prima facie case of defendant's alleged negligence. Plaintiff argues that "[c]ommon knowledge can conclude that more probably than not, automatic doors do not close on an innocent patron without the owner's negligence." Dkt. # 24, at 6. Defendant replies (Dkt.# 25) that the doctrine of res ipsa loquitor is inapplicable in this situation where plaintiff walked into the door as it was closing, causing the incident. The motion is fully briefed (Dkt. ## 19, 24, 25).

I.

The following facts are undisputed: on December 6, 2018, plaintiff was struck by an automatic sliding door as she walked from the interior of a Wal-Mart into the parking lot. Dkt. ## 19, at 1; 24, at 2. The incident was captured on store surveillance video. Dkt. ## 19, at 2, 24, at 2. The video is two hours long, and shows the entryway for one hour before and one hour after plaintiff's incident. That same day, in response to the incident, a service technician examined the door in question. Dkt. ## 19, at 2, 24, at 2-3. According to the technician's report, he found "no operational issues with the reported door in question." Dkt. # 19-2, at 1.

In her deposition, plaintiff stated that the door closed on her because a sensor in the door malfunctioned. Dkt. # 19, at 2; 24, at 3. Plaintiff has never worked for a door company of any type, has never participated in the design of a door, and does not possess technical, scientific, or mechanical training or education. Dkt. # 19, at 2; 24, at 3.

On July 28, 2020, plaintiff brought this action in state court, alleging that defendant "negligently failed to maintain the entryway in a reasonably safe condition and/or failed to warn [p]laintiff of the hidden danger presented by the sliding door." Dkt. # 2-2, at 1. The case was removed to this Court on August 18, 2020. Id.

The deadline to designate expert witnesses was December 10, 2020. Dkt. # 19, at 2; 24, at 3. Plaintiff did not designate an expert witness. Discovery closed on January 22, 2021. Dkt. # 19, at 2; 24, at 3. On February 26, 2021, defendant moved for summary judgment on plaintiff's claim on the ground that plaintiff could not meet her burden to show that the door was defective.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Movants for summary judgment bear the initial burden of demonstrating the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." Silverstein v. Federal Bureau of Prisons, 559 F. App'x. 739, 752 (10th Cir. 2014); see also Adler v. Wal–Mart Stores, Inc., 144 F.3d 664, 670–71 (10th Cir. 1998).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

In its motion, defendant argues plaintiff cannot satisfy the required elements of her negligence claim because she has not provided any evidence that defendant was negligent, and thus failed to state a prima facie case of negligence. In support of the motion, defendant submitted surveillance video showing the entryway in question (including approximately one hour of additional footage on either end of the incident). Dkt. # 34. Defendant also submitted a technician's report regarding the functionality of the door in question. Dkt. # 19-2.

In response (Dkt. # 24), plaintiff argues that defendant negligently failed to maintain the door, and that disputed facts exist as to whether plaintiff "simply walked into the door." Dkt. # 24, at 4. Plaintiff also asserts that the doctrine of res ipsa loquitur relieves the plaintiff of her duty to make a prima facie case of defendant's alleged negligence. Plaintiff argues that expert testimony is not required to show negligence, as "[c]ommon knowledge can conclude that more probably than not, automatic doors do not close on an innocent patron without the owner's negligence." Id. at 5-6. Plaintiff further argues that the "majority of jurisdictions have invoked the res ipsa loquitur doctrine when automatic doors cause injury to invitees." Id. at 5 (citing cases from six states).

Defendant replies (Dkt. # 25) that the doctrine of res ipsa loquitur is inapplicable in this situation where video evidence shows plaintiff walked into the door as it was closing, causing the incident. Defendant notes that the cases cited by plaintiff are not Oklahoma law, and all involve obvious door malfunctions, as opposed to, as defendant argues, user-error. Dkt. # 25, at 2-4.

### A. Res Ipsa Loquitur

Plaintiff asserts that she is relieved from the traditional obligation to make a prima facie case as to all elements of a claim of negligence because the doctrine of res ipsa loquitur applies. Dkt. # 24, at 5. "Under Oklahoma law, the doctrine of res ipsa loquitur 'is a pattern of proof which may be applied to an injury that does not occur in the usual course of everyday conduct unless a person who controls the instrumentality likely to produce injury fails to exercise due care to prevent its occurrence.'" Wheeler v. Koch Gathering Systems, Inc., 131 F.3d 898, 903 (10th Cir. 1997) (quoting Qualls v. U.S. Elevator Corp., 863 P.2d 457, 460 (Okla. 1993)). "The purpose of the res ipsa loquitur evidentiary rule is to aid a plaintiff in making a prima facie case of negligence in circumstances when direct proof of why the harm happened is beyond the power of knowledge of the plaintiff." Harder v. F.C. Clinton, Inc., 948 P.2d 298, 303 (Okla. 1997). "The decision whether the doctrine of res ipsa loquitur applies to a set of circumstances is determined by the court as a matter of law." Ceja v. Myers Int'l Midways, Inc., No. 16-CV-0001-CVE-FHM, 2016 WL 6459802, at *2 (N.D. Okla. Oct. 31, 2016) (citing Qualls, 863 P.2d at 460)).[1]

"To establish a prima facie case for application of res ipsa loquitur, the plaintiff has the burden to show that the instrumentality is in the complete control of the defendant and that the injury to the plaintiff would not have occurred absent negligence on the part of the defendant." Id. (citing Smith v. Hines, 261 P.3d 1128, 1137 (Okla. 2011).[2] Res ipsa loquitur cannot be applied "where,

---

[1]  This and other unpublished decisions are not precedential, but they are cited herein for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

[2]  Though the Court does not decide the issue on these grounds, the Court notes that other jurisdictions have found that the doctrine of res ipsa loquitur does not apply to automatic doors, per se. See, e.g., Kmart Corp. v. Bassett, 769 So. 2d 282, 287 (Ala. 2000) ("[W]e do not consider it to be common knowledge that automatic doors cannot malfunction unless the premises owner is negligent in maintaining the doors."); Hisey v. Cashway Supermarkets, Inc., 426 P.2d 784, 786 (N.M. 1967); Johnston v. Grand Union Co., 375 S.E.2d 249, 250

after proof of the occurrence, without more, the matter still rests on conjecture, or is reasonably attributable to some cause other than [defendant's] negligence." Avard v. Leming, 889 P.2d 262, 266 (Okla. 1994) (quoting Nat'l Union Fire Ins. Co. v. Elliott, 298 P.2d 448, 451 (Okla. 1956)). A plaintiff may rely on the doctrine of res ipsa loquitur only when "direct proof of why the harm happened is beyond the power or knowledge of the plaintiff." See Harder, 948 P.2d at 303.

Here, res ipsa loquitur does not apply because the Court cannot rule out that an intervening act, such as contributory negligence, was not just as likely a cause of plaintiff's injury. In her response, plaintiff admits there is a disputed fact "as to whether [p]laintiff 'simply walked into the door.'" Dkt. # 24, at 4. "[W]here, after proof of the occurrence, without more, the matter still rests on conjecture, or is reasonably attributable to some cause other than [defendant's] negligence" the application of res ipsa loquitur is improper. Avard, 889 P.2d at 266 (quoting Nat'l Union Fire Ins. Co., 298 P.2d at 451). This disputed fact itself demonstrates that res ipsa loquitur is not applicable in this case. In plaintiff's own response she concedes that she has not shown that the incident cannot reasonably be attributed to a cause other than defendant's negligence. Id. After viewing the summary judgment record, specifically the video evidence, the Court finds that defendant has shown, as a matter of law, that res ipsa loquitur should not apply where the incident can be "reasonably attributable to some cause other than [defendant's] negligence." Id.; see also McCormack v. United States, No. 4:10-CV-1068 CAS, 2012 WL 911420, at *8 (E.D. Mo. Mar. 16, 2012) (finding res ipsa loquitur does not apply where plaintiff did not show that "her fall would not have occurred in the absence of negligence by [defendant].").

---

(Ga. App. 1988); Dawson v. Hy-Vee, Inc., No. A-17-1294, 2019 WL 360149, at *3 (Neb. Ct. App. Jan. 29, 2019).

Further, plaintiff has not shown "direct proof of why the harm happened is beyond the power or knowledge of the plaintiff." Id. There is no explanation as to why plaintiff could or did not investigate the possible cause of her injury. Plaintiff did not argue that the sensor on the door was unavailable for examination, that records regarding maintenance were not available, or that "Gary" (or another employee knowledgeable about the maintenance history of the doors) was unavailable to testify. Plaintiff cannot now use the doctrine of res ipsa loquitur as a substitute for investigating what caused her injury.[3] Harder, 948 P.2d at 303; Ceja, 2016 WL 6459802, at *3. In the absence of "direct proof" of why the cause of the harm is beyond the power or knowledge of plaintiff, the application of res ipsa loquitur is precluded in this case as a matter of law.

### B. Negligence

As plaintiff has not established at summary judgment a prima facie case for the application of res ipsa loquitur, the Court now turns to whether, viewing the record in the light most favorable to plaintiff, she has made a prima facie case of negligence (i.e. whether plaintiff's claims fail as a matter of law). "There are three elements to a claim for negligence: 1) a duty owed by the defendant to protect the plaintiff from injury; 2) a failure to perform that duty; and 3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care." Smith v. City of Stillwater, 328 P.3d 1192, 1200 (Okla. 2014) (citations omitted). "[T]o recover on a negligence action, there must be a causal connection between [d]efendant's actions and the injury." Alexander

---

[3] In fact, plaintiff's own explanation as to the possible cause of her injury begs the question as to whether the cause of the alleged malfunction is readily ascertainable using traditional mechanisms of discovery. Specifically, in her testimony, plaintiff states she suspects there was a faulty sensor in the door, but plaintiff does not explain why she did not attempt to learn more about the hypothetical malfunction (i.e. the alleged cause of her injury).

7

v. Smith & Nephew, P.L.C., 98 F. Supp. 2d 1299, 1308 (N.D. Okla. 2000) (citing Key v. Liquid Energy Corp., 906 F.2d 500, 505 (10th Cir.1990)).

In an effort to support her claim, plaintiff offers evidence in the form of her own testimony. She testified that an employee named "Gary," said "it had happened before" and told plaintiff "we need to check the date when the last time they came to repair the door." Dkt. # 24, at 4-5. Plaintiff did not submit deposition or written testimony from this employee regarding the incident, or submit any evidence that anyone named Gary was employed by defendant at the time of the collision (a fact which defendant denies) (Dkt. # 25, at 5 n.2). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. After reviewing this testimony, the Court finds that no reasonable juror could find plaintiff's testimony offers any relevant information regarding defendant's care and maintenance of the door. "Gary's" alleged statement regarding an alleged prior incident is devoid of any specifics, such as the date or time such an incident occurred, or whether the incident was due to any fault of maintenance on the part of defendant. This testimony is completely untethered from any useful context, and cannot support a claim that defendant had any type of history of door-related incidents.

Plaintiff further testified that she suspects there may be a malfunction with a technical aspect of the sensor that detects people entering and exiting the entryway. However, plaintiff has not identified any admissible evidence (answers to interrogatories, exhibits, testimony, or expert

testimony) to support this theory.[4]  Plaintiff had the full panoply of discovery tools at her disposal to marshall such evidence.  As no evidence relating to the sensor or its functionality is in the summary judgment record, the Court finds that plaintiff has not submitted evidence sufficient to support a prima facie case of negligence relating to a sensor's malfunction.

To the extent plaintiff argues that the video of plaintiff's incident with the door is sufficient evidence of negligence, the Court disagrees.  To assert a claim for negligence, it is not sufficient to allege one suffered an injury, and that the injury occurred due to something in defendant's control.  Oklahoma law is clearly established that the "mere fact that an injury occurs carries with it no presumption of negligence." Ceja, 2016 WL 6459802, at *5 (quoting Lewis v. Dust Bowl Tulsa, LLC, 377 P.3d 166, 170 (Okla. Civ. App. 2016), and Gilham v. Lake County Raceway, 24 P.3d 858, 860 (Okla. 2001)). The video evidence of the incident with the door is not evidence that defendant failed to exercise the duty of care–it merely depicts the incident.  In the video, plaintiff walks toward the door as it opens to let another customer enter, then, even after the door has begun to close, plaintiff continues to walk toward the door. Dkt. # 34, at 1:47:34-39 p.m.  Plaintiff and the door make contact, and the door opens back up immediately after. Id. at 1:47:39-40 p.m.  This evidence, without more, does not satisfy plaintiff's burden.

In this case, plaintiff has no evidence that defendant breached the duty of care owed to plaintiff.  Because no evidence shows defendant breached the duty of care, plaintiff cannot show defendant's breach caused plaintiff's injury.  Such evidence is required at the summary judgment

---

[4] As plaintiff has never worked for a door company of any type, has never participated in the design of a door, does not possess technical, scientific, or mechanical training or education (dkt. # 19, at 2; 24, at 3), and has not identified any experts, there is no evidence before the Court regarding the operation of a sensor.

stage. Alexander, 98 F. Supp. 2d at 1308 (finding that, where plaintiff failed to put forth any evidence of causation, summary judgment for defendant was appropriate); see also McCormack, 2012 WL 911420, at *8. Accordingly, plaintiff has failed to state a prima facie case for negligence and defendant's motion for summary judgment as to that claim is granted.

### C. Premises Liability

Plaintiff also asserts a claim for "failure to warn." However, in the joint status report, the parties stipulate that the applicable law is premises liability. Dkt. # 13. Thus, the Court construes plaintiff's claim as one made under a theory of premises liability. Under the doctrine of premises liability, "[a] business invitor has a duty to exercise reasonable care to prevent injury to an invitee, but the invitor owes no duty to protect against hazards that are open and obvious." Dover v. W.H. Braum, Inc., 111 P.3d 243, 245 (Okla. 2005). This duty of reasonable care "includes the duty to warn the invitee of any danger thereon of which the owner knows, or ought to know, and which is unknown to the invitee." Id. (emphasis in original). "[T]he invitor is not a guarantor of the safety of its invitees. If the hazard . . . was known or should have been observed by the invitee, the invitor has no duty to alter its premises or to warn." Id.

Neither party expressly addresses the premises liability claim in the summary judgment briefing. However, the Court notes that the record is devoid of any evidence of a defect in the door. There is evidence only that the door was inspected and found to be in working order, and that numerous persons entered or exited through the door successfully prior to and subsequent to plaintiff's incident. Dkt. # 34. Additionally, and unsurprisingly, there is also no evidence presented

that defendant knew, or ought to have known that there was defect.[5] As the record does not show a dangerous condition existed, let alone that defendant was or ought to have been on notice as to that condition, plaintiff's claim necessarily fails and defendant's motion for summary judgment as to plaintiff's premises liability claim is granted.

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (Dkt. # 19) is **granted**. A separate judgment is entered herewith.

**DATED** this 10th day of May, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[5] As stated above, plaintiff's testimony about her conversation with "Gary" is not relevant proof of knowledge of a defective door. "At the summary judgment stage, while evidence need not be submitted in a form that would be admissible at trial, nonetheless, the content or substance of the evidence must be admissible." Armer v. Golden Corral Corp., No. CIV-12-1351-M, 2013 WL 4500671, at *2-3 (W.D. Okla. Aug. 21, 2013) (citing Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1199 (10th Cir. 2006)). Here, if "Gary's" statements are offered for the truth of the matter asserted (i.e. that defendant was on notice as to any defect in the door.), offered through plaintiff's testimony, then they would be excluded as hearsay, barring an exception. See Fed. R. Evid. 801, 802. The Court finds no exception that would apply. Compare Armer at *2, wherein the court found the present-sense exception applied as declarant's statements were made "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter," with the current case, in which declarant's statements describe an alleged incident in the past.